UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ALISON GIFFORD, ET AL | CIVIL ACTION NO. 14-2661 |
| VERSUS | DISTRICT JUDGE DRELL |
| METROPOLITAN PROPERTY & CAS. CO., ET AL | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **doc. #16.**  Plaintiffs sued their uninsured motorist carrier, Metropolitan, in state court for injuries allegedly sustained in an automobile accident. Plaintiff did not originally sue the Louisiana adverse driver because he is alleged to have been uninsured (and presumably, judgment proof). After the case was timely removed to this court, plaintiff, with consent of defendant, added the adverse driver as a party defendant, by order of the District Judge.[1]

If, after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the case to state court. 28 U.S.C. §1447(e).

---

[1] Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, either consent of the opposing party or leave of court is required. The Supreme Court has declared that "[i]n the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'"  *Foman*, 371 U.S. at 182; *see also Jacobsen*, 133 F.3d at 318.

Defendant argues in brief that this court should exercise its discretion to retain jurisdiction until service is made on the new defendant. Defendant cites no legal authority for that proposition but does state a compelling argument that, if service of process is not required, a party can simply name a diversity-destroying defendant and not make service on him for the sole purpose of destroying federal jurisdiction. Despite the logic of that argument, the statute is clear: if a diversity destroying party is allowed to be added as a defendant, the court must remand the case to state court.[2]

The District Judge, after considering the required factors[3], exercised his judgment to allow the amendment. Therefore, the case must be remanded to state court.

Therefore, IT IS RECOMMENDED that the Motion to Remand be GRANTED and this case be remanded to the 12th Judicial District Court, Parish of Avoyelles, State of Louisiana.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. . A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the

---

[2] Plaintiff's counsel points out in his reply brief, with proof, that service of process has now been made on the new defendant, thus mooting defendant's argument, in any event. Of course, if service were not made in a given case, plaintiff could, presumably, remove the case again and ask that the order allowing the amendment be vacated for the reason that the apparent purpose of the amendment was simply to destroy federal jurisdiction. A plaintiff's motivation is a factor to be considered in determining whether an amendment should be allowed in the first place. See Dasma Investments, LLC v. Realty Associates Fund III, L. P., 459 F. Supp. 2d 1294 (S.D. FL 2006).

[3] See, for example, Brown v. Southern Pacific Transportation Co., 132 F.R.D. 451 (E.D. Tex. 1990).

magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 13th day of November, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE